UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

PATRICK BULLOCK )
)
v. ) No. 1:12-00138
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence and accompanying brief (Docket Nos. 1, 2), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 9) to the Motion, and the Petitioner has filed a reply brief (Docket No. 14).

For the reasons set forth herein, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged, along with four other Defendants, with engaging in a conspiracy to commit human trafficking. (Indictment (Docket No. 47 in Case No. 1:10-00013)). Prior to trial, the Petitioner pled guilty pursuant to a Plea Agreement based, in part, on Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which the parties agreed to a sentence of 63 months of imprisonment. (Docket Nos. 98, 99, 164 in Case No. 1:10-00013). At the subsequent sentencing hearing, the Court sentenced the Petitioner to 63 months, and imposed an agreed restitution amount of $5,000. (Docket Nos. 119, 121, 122, 165 in Case No. 1:10-00013). The record indicates that no appeal was taken from the conviction or sentence.

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his guilty plea was not knowingly and voluntarily entered given the parties' mutual mistake regarding his criminal history and sentencing guideline range.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Amr v. United States, 280 F. App'x 480, 485, 2008 WL 2246367 (6th Cir. June 2, 2008); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Mutual mistake regarding guilty plea

Petitioner argues that his guilty plea was not knowingly and voluntarily entered because the parties proceeded under a mutual mistake regarding his criminal history and sentencing guideline range. Relying on Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner contends that his sentence is based on an erroneous calculation of his criminal history score. According to the Petitioner, six of his 10 criminal history points should not have been counted, which would have resulted in a reduction of his sentence to 34 months. Petitioner does not specify which of his prior convictions were erroneously counted, nor does he explain how he arrived at a sentence of 34 months.

Although this action was filed over one year after the Judgment in the underlying

3

criminal case was entered,[2] Petitioner argues that it is nonetheless timely. The statute of limitations for actions brought under Section 2255 is set forth at Subsection (f):

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

According to the Petitioner, he could not have brought his claim prior to the date the Fourth Circuit issued its decision in United States v. Simmons, supra, on August 17, 2011, and therefore, this action is timely under Subsection (f)(4). Alternatively, the Petitioner argues that the Court should permit his claim to go forward based on the doctrine of equitable tolling.

The Court finds it unnecessary to consider the statute of limitations issue, however, because even if the Court considers the Motion To Vacate to be timely, the Petitioner's claim is without merit. Petitioner claims that the points assigned for his prior criminal convictions for purposes of determining his Criminal History Category should have been reduced based on the

---

[2] The Judgment in the underlying criminal case was entered on September 22, 2011. (Docket Nos. 121, 122 in Case No. 1:10-00013). This action was brought on October 18, 2012. (Docket No. 1).

4

Supreme Court's decision in Carachuri-Rosendo and the Fourth Circuit's decision in Simmons. In Carachuri-Rosendo, the Supreme Court held that the defendant's second Texas offense of simple drug possession was not an "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(3), so as to preclude cancellation of removal under the Act. In reaching its decision, the Court determined that a simple possession offense does not constitute a felony unless the defendant's sentence was *actually* enhanced to the level of a felony by a prior conviction. 130 S.Ct. at 2589-90.

After issuing the Carachuri-Rosendo decision, the Supreme Court vacated the judgment in United States v. Simmons, 340 Fed. Appx 141 (4th Cir. 2009), and remanded the case to the Fourth Circuit for further consideration in light of Carachuri-Rosendo. See Simmons v. United States, 130 S.Ct. 3455 (2010). In a subsequent *en banc* decision, the Fourth Circuit held that the defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was not a predicate felony conviction under 21 U.S.C. § 841(b) of the Controlled Substances Act. United States v, Simmons, 649 F.3d 237 (4th Cir. 2011). In reaching its decision, the court rejected the Government's reliance on a hypothetical enhancement of the defendant's prior sentence because the state sentencing court never made the findings necessary to expose the defendant to a higher felony sentence:

> As in Carachuri, the 'mere possibility that [Simmons's] conduct, coupled with facts outside the record of conviction, could have authorized' a conviction of a crime punishable by more than one year's imprisonment cannot and does not demonstrate that Simmons was actually convicted of such a crime.

649 F.3d at 244-45. Consequently, the court determined that the defendant was not subject to a ten-year mandatory minimum sentence under the Controlled Substances Act.

The Petitioner, in the underlying criminal case, was not sentenced to an enhanced

5

sentence under either the Immigration and Nationality Act or the Controlled Substances Act. His sentencing range was determined by application of the United States Sentencing Guidelines, and his Criminal History Category was specifically based on the application of Sections 4A1.1 and 4A1.2. Although the Petitioner discusses these provisions in his briefs, he does not explain how the holdings in Carachuri-Rosendo and Simmons impact the application of those provisions in arriving at his own criminal history score under the Sentencing Guidelines, nor does he indicate how the application of those provisions was otherwise in error.[3] Sections 4A1.1 and 4A1.2 assign points to prior convictions based on the actual sentences imposed rather than the terms that hypothetically could have been imposed.

Thus, having determined that the Petitioner has not shown an error in calculation of his sentencing guideline range, the Court rejects Petitioner's argument that the Plea Agreement was based on a mutual mistake of the parties. Consequently, Petitioner's claim that he did not knowingly and voluntarily enter into the Plea Agreement and his guilty plea is without merit. To the extent the Petitioner argues that counsel was ineffective for failing to raise the decision in Carachuri-Rosendo at sentencing, the Court concludes that that claim is also without merit. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief

---

[3] The Court notes that the criminal history and offense level calculations set forth in the Petitioner's briefs do not accurately reflect the calculations made at the sentencing hearing. (Docket No. 165, at 6-8, in Case No. 1:10-00013).

under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                                                            TODD J. CAMPBELL
                                                                                            UNITED STATES DISTRICT JUDGE